## Case No. 9,914.

### MULLER v. BOHLENS.

[2 Wash. C. C. 378.] [1]

Circuit Court, D. Pennsylvania. Oct. Term. 1809.

PRINCIPAL AND AGENT—DEL CREDERE AGENT—REMITTANCE IN BILLS—LIABILITY.

The defendants sold goods consigned to them by the plaintiff under a del credere commission, and received in payment, for part of the sales, the bill of exchange of W. They were authorized by the plaintiff to remit in bills, and with the other proceeds of sales, they purchased a bill drawn by I. Both bills were protested. The court *held* the defendants liable for W.'s bill, it having been received in payment for a debt guarantied by them; but not for the bill drawn by I., which was remitted according to order.

[Cited in brief in Lewis v. Brehme, 33 Md. 421.]

The defendants received consignments from the plaintiff, and engaged to sell them on a del credere commission, and to guaranty the debts. He sold, to one Walter, part of the goods, and when the money for which the goods were sold became due, he took his bill of exchange for the amount, which he remitted to the agent of the plaintiff. The defendants also purchased another bill of a Mr. Imbert, which they remitted to the plaintiff, in part of the sales of his goods. Both bills were protested, and Walter and Imbert very soon after became insolvent, but the latter remained in good credit until he stopped. The defendants relied upon a receipt in full, and a discharge, given by one Muller, the attorney of the plaintiff, to the defendants, in which these two bills were charged to the plaintiff. But, having only a notarial copy of the letter of attorney, the court refused to let the copy be read. The law of this state authorizes the recording letters of attorney, upon their being acknowledged or proved before a notary; but this was neither.

WASHINGTON, Circuit Justice (charging jury). The guarantee of the defendants extended no farther than to the sales and receipts of the money arising from them. As to Imbert's bill, therefore, there is no pretence for charging the defendants with that, as it was a bill purchased by the defendants from a man in good credit, and was purchased for the purpose of a remittance, as the defendants had been directed. But the guarantee extends to Walter's bill, which was not purchased with the proceeds of the plaintiff's goods, but was given by a purchaser of those goods instead of the money. If the defendants were bound to guar-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

anty the payment of this debt when contracted, the guarantee continues, because a bill which is dishonoured, is no payment. The only objection to the plaintiff's recovery of the amount of this bill, is his neglect in not returning the bill, or giving notice of the protest, or rather, the defect of the plaintiff's evidence in accounting for this bill. It does not appear whether Walter's estate made any dividends; if it did, the defendants would have been entitled to come in, if the bill had be returned. This point is left to you, on the evidence.

Verdict for the plaintiff, for the amount of Walter's bill, and interest.